**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MAURICE HOLMES, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cr-00225-GMN-NJK-1 <br><br> **ORDER** |

Pending before the Court is the Emergency Motion for Compassionate Release Under the First Step Act ("Emergency MCR"),[1] (ECF No. 86), filed by Defendant Maurice Holmes ("Defendant"). The Government filed a Response, (ECF No. 90), to which Defendant did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Emergency Motion for Compassionate Release.

**I.  BACKGROUND**

On August 11, 2021, an Indictment was entered charging Defendant with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of Illegal Possession of a Machine Gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). (*See* Indictment, ECF No. 1). Defendant later pleaded guilty to both counts of the Indictment. (Mins. Proceeding Change Plea, ECF No. 76). On May 31, 2023, the Court

---

[1] Pursuant to this Court's General Order 2020-06, the Federal Public Defender's ("FPD") office was appointed to determine if supplementation of Defendant's Motion was needed. (Order, ECF No. 87). The FPD declined to file a supplement to Defendant's Motion. (Notice Non-Supplementation, ECF No. 89). "This suggests that the [FPD's] office has already screened [Defendant's] [M]otion and determined that he is not eligible for compassionate release at this time." *United States v. Taylor-Nairn*, No. 18-cr-5094, 2023 WL 3738053, at *2 (W.D. Wash. May 31, 2023).

sentenced Defendant to forty-two (42) months imprisonment and one year of supervised release as to each count, with both sentences to run concurrently. (J., ECF N. 82).  Defendant then filed the instant Emergency Motion for Compassionate Release Under the First Step Act, (ECF No. 86), which the Court discusses below.

## II.  LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010).  "[T]his general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

Previously, only the Bureau of Prisons ("BOP") Director could file a motion under 18 U.S.C. § 3582(c)(1)(A) on a n inmate's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam).  As part of the First Step Act of 2018, however, "Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed. *Id.* (citing First Step Act of 2018, Pub. L. No. 115-391, Title VI, sec. 603(b)(1), 132 Stat. 5194, 5239 (2018)).

If a district court decides that an inmate has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, the court proceeds to determine whether: (1) "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); (2) "such a reduction in sentence is consistent with applicable statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A); and (3) the sentence reduction is warranted under applicable 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A).  The absence of any of these requirements is sufficient to deny a motion for compassionate release. *Keller*, 2

///

F.4th at 1284 ("[A] district court that properly denies compassionate release compassionate release need not evaluate each step.").

An inmate seek relief under 18 U.S.C. § 3582(c)(1)(A) bears the burden of proof by a preponderance of the evidence. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *United States v. Ibarra*, No. 19-cr-00049, 2021 WL 3924733, at *2 (D. Haw. Sept. 1, 2021).

## III. DISCUSSION

The Government does not dispute that Defendant properly exhausted his administrative remedies. (*See* Resp. 3:5–4:2, ECF No. 90). Therefore, the Court's discussion will begin by examining whether there are "extraordinary and compelling" reasons justifying compassionate release. Here, Defendant contends that "extraordinary and compelling" reasons exist under the Second Chance Act ("SCA").[2] (*See generally* Emergency MCR, ECF No. 86). Specifically, Defendant contends the SCA mandates he be transferred to a residential re-entry center ("RCC") or home confinement.[3] (*Id.* at 6–8).

---

[2] Both the First Step Act ("FSA") and SCA give eligible inmates the possibility to be considered for home confinement or halfway house placement. *See United States v. James*, No. 15-CR-255, 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) ("The First Step Act, CARES Act, and Second Chance Act merely give eligible inmates the possibility to be considered for home confinement or halfway house placement."); *Ward v. Bureau of Prisons*, No. 3:19-CV-770, 2019 WL 1930025, at *2 (N.D. Tex. Apr. 2, 2019) (observing that First Step Act and Second Chance Act govern the BOP's discretion to place inmates in particular facilities, including home confinement), *report and recommendation adopted*, No. 3:19-CV-0770, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019). Although the end result may be the same—*i.e.*, the defendant is placed in home confinement or an RRC for the amount of time he had left on his custodial sentence—the Court questions whether eligibility under the *SCA* can constitute "extraordinary and compelling" reasons under the *FSA*. Here, the Court finds it does not. The two are distinct statutory regimes. Therefore, to the extent Defendant seeks relief pursuant to the SCA, the Court finds his Motion is improperly brought under the FSA. The Court DENIES Defendant's Motion on this basis. Even considering Defendant's argument on the merits, however, he still fails to show he is entitled to relief under the SCA.

[3] Defendant also generally asserts the COVID-19 "pandemic is another factor to be considered." (*Id.* at 8). Defendant cites no other fact in support of this argument. (*See generally id.*). Although the Court does not discount the dangers associated with COVID-19 nor the difficulties prisons face in preventing and containing outbreaks, "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release. *United States v. Bolden*, No. 16-cr-0320, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *see United States v. Veletanlic*, No. 18-cr-0162, 2021 WL 5205706, at *4 (W.D. Wash. Nov. 9, 2021); (rejecting argument that the general "conditions at [defendant's

The SCA directs the BOP "to develop programs to help offenders eligible for release to transition back into the community and to reduce the chance that such offenders will commit additional crimes." *United States v. Zapata Calderon*, No. 12-60059, 2019 WL 8645878, at *1 (S.D. Fla. Mar. 14, 2019) (citing 34 U.S.C. § 60501); *see* Pub. L. No. 110-199, 122 Stat. 657, § 3 (2008); *Kim v. United States*, No. 10-cr-00197, 2010 WL 2813770, at *1 (D. Haw. July 14, 2010) (explaining that the SCA "was enacted to, among other things, 'break the cycle of criminal recidivism' and 'rebuild ties between offenders and their families'") (citation omitted). The SCA also amended 18 U.S.C. § 3624(c) "to provide that the BOP 'shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.'" *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010) (noting that "after enactment of the SCA, § 3624 governs the designation of prisoners to [residential reentry centers] for the final months of their sentences"); s*ee also Montes v. Sanders*, No. 07-cv-7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008) (noting that the SCA amended § 3624(c) to "authorize[ ] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment.").

Because Defendant is not presently serving the final year of his term of imprisonment,[4] "he is not eligible for early release to home confinement or a residential reentry center under

---

prison] warrant release, including the number of COVID-19 infections and deaths, the lax implementation and enforcement of COVID-19 prevention policies, the impossibility of maintaining social distancing, and the unhygienic living situations"); *United States v. Ruelas-Payan*, No. CR17-0229JLR, 2021 WL 5847587, at *3 (W.D. Wash. Dec. 9, 2021) (rejecting similar arguments). "Extraordinary and compelling" circumstances are not established by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists." *Riley v. United States*, No. 19-cr-1522, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020).

[4] Defendant represents in his filing that he is in his final year of imprisonment. (Emergency MCR at 7). However, as the Government notes, Defendant's release date is not until October 2, 2024, more than a year from now. (Resp. 4:16–5:4); *see* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/, (last visited August 27, 2023) (projecting Defendant's release date as October 2, 2024).

the SCA." *United States v. Robles*, No. 15-cr-08033, 2021 WL 5299682, at *2 (D. Ariz. Nov. 15, 2021).  Moreover, "[n]owhere within the [SCA] does it confer jurisdiction on the federal courts to order the [BOP] to release prisoners early or to admit them to particular programs." *Zapata Calderon*, 2019 WL 8645878, at *1; *see United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) ("We need not address the Government's argument that Calderon does not meet certain criteria in the [SCA] because that determination lies outside the district court's jurisdiction."); *United States v. Reyes*, No. 15-10119, 2021 WL 3401343, at *2 & n.12 (D. Kan. Aug. 4, 2021) ("Defendant contends that he should receive a year-long reduction of his prison sentence under the [SCA]. This Act does not provide the Court with authority to reduce Defendant's sentence.") (citing *Calderon*, 801 F. App'x at 732); *United States v. Black*, No. 2:96-CR-20, 2020 WL 5755003, at *2 (N.D. Ga. June 15, 2020) ("To the extent Defendant seeks relief pursuant to the [SCA], as amended, the Court does not have jurisdiction to 'reverse' the BOP. As recently explained by the Eleventh Circuit, 'the [SCA] does not authorize a federal court to order the BOP to release a prisoner – the Act only states the Attorney General 'may' release eligible elderly offenders.'") (quoting *Calderon*, 801 Fed. App'x. at 731); *see also United States v. James*, No. 15-CR-255, 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP – not the courts – who decides whether home detention is appropriate. . . .[T]he Court lacks jurisdiction to grant James' motion under the First Step Act, Second Chance Act, or CARES Act.") (citations omitted).  Accordingly, the Court finds there are no "extraordinary and compelling" reasons warranting compassionate release under the SCA.

In sum, Defendant has not met his burden to show that "extraordinary and compelling reasons" warrant a reduction in his sentence.  Even if Defendant had shown that extraordinary and compelling reasons warrant a sentence reduction, the Court next "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction

is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945 (quotation omitted). Upon consideration of all the factors set forth in section 3553(a), especially § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense"), § 3553(a)(1) ("the history and characteristics of the defendant"), and § 3553(a)(2)(B) ("to afford adequate deterrence to criminal conduct"), the Court finds that those factors weigh against granting Defendant's request for early release. Accordingly, Defendant's Emergency Motion for Compassionate Release is DENIED.[5]

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release Under the First Step Act, (ECF No. 86), is **DENIED**.

**DATED** this __29__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[5] The Court notes Defendant sought compassionate release in part to finish his college education. (Emergency MCR at 8). While the Court commends Defendant to the extent he seeks to complete his higher education, his circumstances do not present "extraordinary and compelling" reasons warranting compassionate release.